All right. Well, here we are. This is time for argument once again in another chapter in the Pyramid Lake Paiute Tribe of Indians versus Churchill County, et cetera, et cetera. So may it please the Court, I'm Catherine Barton. I plan to try to take 10 minutes on opening. I have with me at the council table Mr. Robert Pelsiker, who's counsel for the tribe. We'll take five minutes on opening and we'll reserve five for rebuttal. The issue in this case is whether the Can you take it again? I'm sorry. I'm sorry. I've just seen Mr. Pelsiker there. It's like your life going before your eyes. He was telling me about your past decisions. But the issue in this case is whether the district court erred in granting preliminary relief, in this case, by applying state court judicial review procedures, rather than the federal rules of civil procedures, specifically Federal Rule 65. Initially, there are two jurisdictional issues in this case, whether it's an appealable order and whether the case is moot because of the district court's decision on the merits. We've briefed both of those issues to this court. And I was not planning to address them unless the court has questions on those. So I was going to go right to the merits. But I do want to note that there is a change. We filed a declaration recently by Mr. Pelsiker in one of our last two filings, in establishing that the case was capable of repetition. One of the applications that Mr. Pelsiker discussed is in paragraph number two of his declaration, was pending before the state engineer. And the state engineer denied that application. So that application, actually, because it's a denial, would not be subject to the stay provision. But we still have a number of other applications that are in process. And we plan to ask for a temporary transfer application like this one again in the future, so it's still capable of repetition. A grant for one of those? Well, he granted them this one, so we think he'll probably do that again. Has he granted stays in earlier cases based upon the Nevada statute? The Is this consistent with his prior behavior in earlier cases? With the district court's prior behavior, yes, is my understanding. But in prior cases where there wasn't any briefing and anything really, things moved along and we didn't bring it up. But this issue shows up from time to time, yeah. Yes. That's my understanding. On the merits, the Rules Enabling Act and Federal Rule of Civil Procedure 1 require that federal rules apply in federal court proceedings. The Hannah v. Plummer provides an analysis for determining whether the federal rules of civil procedure apply in cases where state law might apply otherwise. But as a threshold matter, we don't believe we even get, in this case, to the Hannah v. Plummer analysis because the state rule here, which was a state rule of state court judicial procedure, we don't think can have application in this case. This is not a case, and this argument was made most strongly in our reply brief and also made in the Truckee Meadows Water Authority amicus brief. That's their sole argument. And I suggest looking at their brief on this point. In the origin proceedings, the federal court sits as a federal court. It's not a diversity case where the court sits as a state court or a pendant jurisdiction case. Now, to be sure, the court has borrowed the expertise and procedures of the state engineer in the administration part of the decision-making on transfer applications. But that doesn't turn these into state court-type proceedings. And the Orr-Waterditch case doesn't say anything different. The case in which this court said state procedural law applies, a broad statement that was only affected by a narrow holding in that case, which was that the administrative procedures of the engineer apply in the water right transfer applications. Let me ask you this to make sure I understand your argument. I have in front of me the Nevada statute 533.450. And number one of that talks about an appeal to a proper court of the county. And are you saying that this statute, by its own terms, applies only when you are in a court of the county and it does not even purport to apply unless you are in a court of the county? Actually, no. Actually, I think that provision may go on to say, in fact, that the decree court, an appeal will be taken to the decree court, although that's not the basis for the jurisdiction in this case. What I'm saying is that the considerations of the federal-state law nexus and the choice of law question doesn't arise here with respect to the federal rules of civil procedure, because this is a federal court proceeding. It's not a diversity. I guess I shouldn't ask you what you're saying. I'm asking you a different question. OK. One of the ways I read this Nevada statute is that it talks about posting bond when you are in the Nevada court of the county. Yes. So when you get down to number five, it says a bond shall not be required except da-da-da-da-da-da. The premise, it seems to me, is contained in number one, just to say you are in the proper court of the county, and that the statute does not purport to say anything about what happens if you're in a federal court. Exactly. We believe that entire provision does not say anything about what happens when you're in federal court. And we've outlined in the Truckee River Meadows brief outlines other provisions that are clearly specific to state court proceedings, such as an appeal will be taken from the trial court directly to the Supreme Court. Would you just get very basic with me? Because these cases all have little differences. What is the proceeding here? What's the purpose of it, the allocation proceeding that we're fussing about? The proceeding, the underlying question was about a temporary transfer permit, a temporary permit to transfer water rights of the tribe, that the United States and the tribe applied for to the state engineer. It was granted by the state engineer. And then when we went to district court, the Truckee TCID and the city of Fallon asked for this automatic stay of the engineer's decision to be applied. Now, what law is the engineer following when it decides? The engineer follows state law. Yes. So the allocation, the actual process of allocating the water and deciding that is under state law. The allocation is really already been done. Maybe I shouldn't use the word process. But the governing who gets what. The initial determination of whether the permit can be granted is made by the state engineer, with the decrees saying, and this court having held, that appeals will be taken to the federal court under the Ordich decree. And I suppose that the question of the nature of these allocations and what they're supposed to do and the criteria for the allocations is done by state law as well. Yes, yes. There is a state provision that explains what has to happen for a transfer permit to be granted. And we rely on that. But our point is that here, once they filed the appeal in federal court, then the federal court rules take over. But the stay that was entered was for what purpose? The stay was in response to the request. It prohibited the engineer from implementing his decision to grant the permit. For what reason? I mean, why was it? PCID and Fallon requested it, and that's all they have to do. That's the provision in state law. If they requested it and posted a bond, which they're And then what happens as a result? What proceedings are going on as a result of the stay? Oh, no, it's not really a stay. It's an injunction. Then there was the merits of the case now were being decided. It's not a stay pending some other proceeding going on. It's a preliminary injunction. I mean, that's why we're here on an injunction appeal. It's not called an injunction in state law, but, I mean, you come into federal court and you tell the court you don't want the injunction. Well, under Nevada state law, when the engineer makes a decision like this, what is the proper procedure if you want to determine whether or not it's appropriate? Under state law, if you appeal to state court, you could request a stay. And if you post the bond, it's stay. Okay. Okay. So, and we are arguing that the court should have had to go through the equitable balancing test that's under the preliminary injunction standard embodied in Federal Rule 65. Whether, you know, we would have won on that test or not is a different question, but that the court, it should not have been automatic. There should have had to be a showing of the likelihood of success on the merits and irreparable harm. So that's what we're asking here. Now, and so our threshold argument is that really that provision is, doesn't apply because it's not a, this isn't a diversity proceeding. It's not, the court isn't, wasn't sitting as a state court. And the Orr-Waterditch doesn't purport to address, it does purport to rely on the state engineer and kind of borrow him as an adjunct to the process for this administrative procedure that didn't exist in federal law. But not to turn it somehow into a diverse, you know, a state court proceeding where you have to sit as a state court. But what is the administrative procedure that we're talking about? The deciding whether the transfer application can be granted. That's the administrative procedure for applying. You file an application with the engineer and ask for a permit and he helps her. Is there any review of that? I guess that's what I'm asking. In district court. That's. This is it. There's no administrative procedure. This was it. Okay. That's what I was. Yes. Yes. There can be protests and the engineer decides it's like an adjudicatory decision when it comes to district court. So let me, I think the threshold argument is clear. Even if we don't win on this threshold argument that there's no point in doing any sort of choice of law analysis here, we, and you go into the Hanna versus Plummer analysis, we still prevail on the Hanna versus Plummer analysis. The first step in the Hanna analysis is to determine whether the federal rule is sufficiently broad to control the issue before the court. And that is certainly the case here. I mean, the federal rule says how preliminary relief shall be granted. Now, let me ask you this. Let's assume we're not dealing with this unusual procedure under the ordinance decree, but we're rather dealing with, for example, some sort of a zoning ordinance and there's been an application of the zoning ordinance that requires something and there's a challenge in federal court to the application of the zoning ordinance, which requires to have something to be torn down or allow something to be built or whatever, and the party who wishes to stop that, that order from taking effect pending review in the federal district court comes into federal district court and in your view can get an injunction assuming that party complies with the standards of rule 65. I'm trying to get an analogy to some sort of a state or local administrative procedure that's being challenged in federal court to see how the federal rule applies outside of this specialized water context and outside of the ordinance decree. I guess we're, this court has actually held that there may be circumstances where, that the federal rule 65 does not require the grant of injunctive relief. And that was the same snowboard case. And that was a case where you couldn't get injunctive relief on the merits. It was a specific, you couldn't get specific performance of a contract. So we're not, we're not really, what we're saying. Well, I'm not asking you what rule 65 requires. I'm asking you if rule 65 applies, that is to say, do you look to rule 65 to determine whether or not that relief in the administrative agency can be enjoined? I would say if, in a, in a, yes. I mean, in any case where rule 65 controls. Well, then my question is, does, does rule 65 control? Rule 65 has been held by every court I'm aware of to control, except in the Simpson snowboard case where it said it, it, it doesn't require the grant of preliminary relief, but that's not the issue here. That rule 65, all the federal rules of, the federal rules of procedure govern. There's no question. The question is just, do you think that the rule 65, which requires a discretionary determination by the court, I would say yes. Anytime you're in federal court seeking injunctive relief, federal, and, and there isn't a bar in this court to, to injunctive relief in state court. Including injunctive relief against an administrative order, which left alone would control the parties and require them to do something while the challenge is going forward in district court. That's, that's your argument. I'm sorry, I'm getting a little, I'm not, I'm not quite tracking. Well, my, my question is not at the Hannah versus Plumer level. That is to say, if the federal rule controls, the federal rule controls. I'm with you on that point. My question is, what does the federal rule of its own terms do? And I think you're telling me that when somebody comes into federal district court, challenging the operation of an administrative order entered by a zoning board, some other state agency, whatever it is, and they say, listen, I think they got it wrong. And while my challenge in federal district court is going forward, I don't want to be down my house. That person relies on rule 65. Is it rule 65 that tells us whether or not you get an injunction pending the proceeding in district court? Yes. That's my question. Okay. And your answer is yes. Okay. Yes. Yes. Rule 65 is the rule governing preliminary injunctive relief, and it incorporates the balancing, the equitable balancing test, the probable success on the merits and. Yeah. But since the district judge didn't apply rule 65, we're not reviewing that application. He just. Exactly. And we'd have to go back on remand for that. Okay. The question is just what law applies here. Okay. I'm with you. So let me quickly go through. So rule 65, it does cover the question here, and then the only question after that in the HANA analysis is whether it infringes on a substantive right. Because the Rules Enabling Act, really, once you get, if the federal rule controls, it controls unless it's unconstitutional or violates the Rules Enabling Act. And the Rules Enabling Act says that the rules will not violate a substantive right. So then you get to the question, you can get to the question if the State rule could apply, in this case, which we say it doesn't. But if it did, it's not a substantive right. And the Court's recent case in Freund, the analysis there makes it clear.  It's not the eerie analysis of outcome determination. It would really have, and a preliminary relief, the grant of preliminary relief doesn't do that. And no court has ever held, once they've determined that Rule 65 governed, all the courts that I'm aware of have held that Rule 65, where they've looked at the choice of law analysis that Rule 65 applies. Is that, I'll let Mr. Pelsiger come up on this. Thank you. May it please the court, Robert Pelsiger for the Pyramid Lake Paiute Tribe. I'd like to go back to Chief Judge Schroeder's question about the substantive law that applies here, and the background to this. The Pyramid Lake Tribe was adjudicated, the United States, on behalf of the Pyramid Lake Tribe and the Pyramid Lake Indian Reservation was adjudicated water rights for irrigation purposes in Claims 1 and 2 of the Oreditch Decree. Those water rights were predicated on federal law. They're the only water rights in the decree that are predicated on federal law. And, but those water rights, in large measure, have not been used by the tribe for irrigation purposes. So the tribe applied for, to change the purpose of use and the place of use of those water rights from irrigation purposes to in-stream flows. But the underlying rights that they're trying to divert to the lake, you take it were originally federal rights? That's correct. And there are three places to look for sources of law. There's what we call the change provision in the Oreditch Decree itself, which is excerpted at the second page of our excerpt of record. And that provision in the 1944 decree states that persons whose rights are adjudicated hereby shall be entitled to change in the manner provided by law. The point of diversion place means manner or purpose of use of the waters to which they are so entitled, or any part thereof, so far as they may do so without injury to the rights of other persons whose rights are fixed by this decree. So the first place you look for rules who apply is the provision of the decree which says you can change your Adversely affect or injure the rights of other people whose rights are adjudicated by the decree, but that provision also refers to the manner provided by law. And so that then brings to, it's a neutral provision. It doesn't say state law, it doesn't say federal law, it doesn't say common law. It says in the manner provided by law. And one of the points I wanted to make, I'm glad you raised the question, your honor, is that fortunately or unfortunately, this appeal does not involve that issue. We're here solely on the procedural question of whether the federal rules apply or state rules apply to the say question or to the injunction question. But I did want to point out that there is an underlying disagreement which will eventually come to this court on the appeal from the merits of the district court's decision, which is what substantive law applies. And the tribe's position is that the law to be applied here is federal law and that the entity with jurisdiction to apply that law is the federal district court and not the state engineer. But that is often the future. That's often the future, right. The issue here is whether Rule 65 or NRS 533, 450 applies. And I agree with Ms. Barton's analysis that that statute was intended to apply on its face, demonstrates that it applies only to state court review of state engineer decisions, not to federal court review. Well, what is we will, this is, this case is 100 years old. We're not going to hold you to a strict time limit. So am I. So am I. We've grown old together with this. The, I guess going back to the question of what is the engineer doing here. Yes. What he's doing, he says is doing under state law, or is he? He says. Or is that all what. He, and this is a complicated question. He says, he definitely says he's doing that. And I'm confident that Mr. Walls, he'll speak for himself, but I'm sure that's what Mr. Walls will say he's doing. The tribe's position is that he is acting as an arm of the federal court under this decree, which has been interpreted by the federal district court and by this court. To, for the state engineer to have, to exercise jurisdiction over these kinds of changes in the water rights that are subject to this court's jurisdiction. And this issue came up in what we call Alpine 2, it's the 878 F second decision. Yeah. In about 1989, I think. And if you look at footnote two in that decision, this court raised the question really sui sponte, what is this federal court doing reviewing the decision of a state administrative official. Because normally the allocation of rights to water in a stream is not a question of, in a lot of situations it's not a question of federal law. Yes, however, this case was originally brought by the United States. Yes. In 1913 to adjudicate all the rights on the stream system. Yes. And it's very important that only. Because it arises out of a reclamation project, is that what you're. Well, and because the United States was the plaintiff. And the United States was the plaintiff. That's what gave rise to federal court jurisdiction. But with the exception of claims one and two, all of the rights that were adjudicated by the federal court were adjudicated are state based rights. And are predicated on state law. Claims one and two is the only exception to that. Now, in that footnote that I referred to, basically this court in Alpine two. Inquired into the question, how does it come about that the federal court is exercising this highly unusual, I think they use the word extraordinary, jurisdiction to review the decision of the state engineer, of a state official. And the court's answer to that, it doesn't say exactly this, but the answer essentially was it's because the state engineer is acting as an arm of the federal court with regard to changing water rights that are under the federal court's jurisdiction, and it's acting pursuant to the court's continuing jurisdiction, the federal court originally acquired jurisdiction by virtue of the suit being filed by the United States in federal court. It has jurisdiction over the race, and it assigned the state engineer the responsibility, which I suppose the state engineer could have declined but did not, to administer those rights, that is, to consider changes to those rights. That is very helpful. So if you are saying that the state, in really administering, applying, in administering federal law, they're actually looking to the state law as the, is that, I'm not saying it right. What I'm saying is that with regard to all of, 99% of the water rights that are adjudicated, they're state-based rights, and the state engineer, the manner provided by law, referenced in the Ordich Decree, authorizes and powers and tells the state engineer to apply state law to those rights. But this is a different situation because these rights are predicated on federal law. And, but that issue, the- You would not, you would not, you would not object if, if the, if the engineer were to apply the state law when it was adjudicating, determining the, the other water rights. Changes to state law. Even though it would be in federal district court. Absolutely, that's correct. And I think that's what this provision says, and I think that's how this court has construed that provision in both the Ordich case and in the Alpine line of cases. The two. Let me pursue that if I might. So the, but the argument in front of us is not at, on this appeal. That's correct. What the state engineer did. That's correct. Whether that was correct or incorrect. That's correct. The argument is whether what the dis, federal district court did was correct or incorrect. That's correct. And let, let me pursue this just a moment. Yes. It might be easy to say, well, when the state engineer is adjudicating rights under claim one or two, federal rights, well, obviously, whatever federal rule with respect to injunctions or preliminary injunctions should follow. But would you say also that when the state engineer adjudicates, which is much more common case under the Ordich decree, water rights under state law, would you argue then that if you are in the state, in the federal district court, and the tribe has, wants to enjoin the operation of the state engineer's decree, would you argue then as well that that standard for injunction comes out of rule 65? Yes. Because? Because the federal rules of civil procedure, rule one of the federal rules of civil procedure says that federal, that the federal rules apply in all suits of a civil nature in federal court. I thought you just told me.  state law. It struck me that if the question were to arise in connection with some right other than the tribe's right, that it would be in district court, but that the state law would apply. State law would apply substantively, not procedurally. The federal rules of civil procedure would apply to the federal district court's action reviewing the state court's, reviewing, I'm sorry, the state engineer's decision. I think that's what Judge Fletcher was asking for. What happens procedurally in the federal district court? What happens procedurally in the federal court? What I said before was that the state engineer, with regard to state-based rights, substantively would apply state law to determine whether or not. Well, but that is, then that is, you're, isn't that sort of begging the question of whether or not this kind of a stay here is substantive or procedural? By, you know, saying, well, because we're in federal district court, it has to be federal because we're all the same? No, I think it's procedural because the stay, first of all, was preliminary. It comes under Rule 65 because it was in the nature of a preliminary injunction, because it prevented the state engineer's decision from being carried out. And it meets all of the qualifications as in both of our briefs. Remember the Ninth Circuit case law, I think the Gila River case, and one other case. This qualifies as a preliminary injunction. Okay, then that's helpful. I think we should hear from them. Okay, thank you. Thank you. May it please the Court, Michael Van Zandt for the Truckee Carson Irrigation District. There are two issues that I want to address very briefly, and then Mr. Walls will argue for the State of Nevada. The first is whether this order is appealable at all. And we have presented that argument in our brief. Basically, the Nevada Supreme Court has already ruled that a stay is not appealable under state law. The stay in question here we believe does not actually have the hallmarks of an injunction. And there's one very important distinction that you have to make with regard to what's going on in this case. We already have a court determination on the relative rights of the parties here through the Ordish water rights adjudication process in federal court. So the parties are not coming to the court for the first time as in a zoning situation, Your Honor, where for the first time it goes into court and we have just an administrative decision below that determines whether the building can be built or not. We already have a determination within the Ordish court what the relative rights of the parties are with regard to their claims. But the analogy for that is the Ordish decree sets out the zoning ordinance, and now you get case after case in which you apply it to individual water allocations. Exactly. And as it happens, you tend to have the same parties litigating against each other time after time, but it's separate applications to what I'll call the zoning ordinance, which is the Ordish decree. There's one very important distinction, and that is that if I have been decreed to be able to use my property according to a certain zoning determination, I don't have the unilateral right to change the zoning of my property without going back through some process. In other words, I don't have a vested right in changing my zoning. That's something that's discretionary with the zoning board and then ultimately reviewed by the court. Oh, I see. Maybe you're taking my analogy in a different way from what I meant. I meant an adjudication under an existing scheme and an application of that scheme to the facts by whatever the state administrative agency is. I'm not asking you to tell me about what happens if the zoning is changed. Okay. Well, the issue was if you go through the Ordish water rights adjudication process, you already have a determination of those relative rights. Now, let me ask you this. If we adopt your position that this is non-appealable, would that mean that if the district judge is wrong, which I understand is a separate question that you're going to get to in a moment, but if the district judge is wrong, there is nothing that this court can do about it? That is to say, if the district judge is wrong routinely upon the posting of a $1,000 bond, always to enjoin that pending the adjudication of the district court, we can't touch that question ever? That's what I think you're telling me. No, I'm not saying that, Your Honor, because you can, in fact, touch that when you review the case on the merits. That's what the Nevada Supreme Court said. Under the state law process, once the stay is in place and you post the bond, the review process that takes place is in the district court, and if the district court agrees with the state engineer, then in this case the temporary transfer would go forward. But why should we follow Nevada law as to when you can take an interlocutory appeal in the Nevada courts when this is a question of an interlocutory appeal in a federal court? For the very reason that Mr. Pelsiger stated. Okay. That the transfer has to be done in a manner in accordance with law. Now, what that means is that the state process and the Orr-Ditch Court apply the state substantive law in determining the relative rights of the parties, so those rights are fixed. Now, when they come back and try to change them. But you mean a federal court under law means I've got to follow Nevada procedural law in federal court? That is, in essence, what this court ruled in Alpine 2, Your Honor. It said that they were approving what was done in the Alpine decree court to apply both Nevada substantive and procedural law when they were looking at these water rights. By the engineer. By the engineer. But the question now is not application of procedural substantive law by the engineer, but rather by the federal district court when the ruling of the engineer is challenged. But then that brings us back to Chief Judge Schroeder's point, and that is that the substance and procedural part of the statute are inextricably intertwined here. That's really, I think that what Judge Fletcher was going to is what kind of earlier is what is troubling me. Is this supposed to come out in federal district court kind of the same way that it would come out if it were in the state court? That is, that you wait until the procedures, the challenge to the procedures are over before the, as long as you post the bond and apply for the state, you have a right to wait until the challenge is resolved before the allocation becomes final. I think that's what Judge George said in his decision. He said because the issue is coming to a judicial forum for the first time, it's important to maintain the status quo under the Nevada Revised Statute, because that is reflecting the policy in state law that you want to maintain the relative rights of the parties that have already been adjudicated in the Orr-Ditch case. And when somebody changes that, there is a potential for an injury to the other party's water rights.  And I think that the Orr-Ditch Court is protecting the decreed rights of the parties that have already been adjudicated. And so they can't do that in some kind of preliminary fashion. They essentially have to look, give a full and fair hearing to the whole issue in order to decide whether or not an injury has occurred. Because the standard that is applied, are you suggesting the standard that is applied by the district court as to whether or not a stay is issued affects the rights automatically of all of these water users? Well, in this particular case, for example, if an injunction had not been granted, this case would be moot. That water would have flowed in the Truckee River, and the case would be over. We would have no remedy. There would be no remedy for my client whatsoever. So without that stay in place, we don't have a remedy. And that's a situation in the state court. So it's moot for one side or the other. I mean, it goes one place or the other, and we don't know as the challenge is being mounted who's going to win. So during that time, the water is going to go somewhere. The water is going to Pyramid Lake. So there's no doubt about that. I mean, the water is flowing to Pyramid Lake. But my point is, you're saying, well, if I couldn't have gotten the stay, I would have lost on the water that I was otherwise entitled to, I'm not going to get. Well, yes, but that's because Nevada loads the dice that way in terms of where the error is going to land. But it may be that Rule 65 loads the dice a slightly different way. Let me ask you this. When you say that we should apply the Nevada post the bond of $1,000 and that stops it, what are you relying on as to why the Federal District Court should do that? The Ordinance Decree that says according to law, is that what you base your argument on? In a manner according to law, and then as interpreted by Judge George, because the decree court has designated the state engineer and the Nevada process to be the – because that came out of the Alpine One decision, the Nevada process will apply for the processing of transfer applications. So he's looking at the whole statute. No, but I'm asking a narrower question. I think you answered it at the beginning, which is to say for your legal authority as to why Judge George and the District Court should follow the Nevada statute instead of Rule 65, it is the Ordinance Decree that says the water allocation should be determined in accordance with law. That's the foundation for your argument? Well, that and the United States Supreme Court, it was said that the federal court should apply state water law when they're looking at water rights, because there is no federal water law. So a good analogy is I think we cited to it this computer electronics case out of the Ninth Circuit. There was a trade secret issue, and the question was, was there a conflict between the prohibition of revealing the trade secret in discovery under California law versus the Rule 26 discovery requirements that would require this revelation? And there the court said, the Ninth Circuit said, the prohibition on the release of the information about the trade secret is so inextricably intertwined with the Trade Secret Act itself, you cannot separate them. Let me ask you it this way. Assume for the moment either that the Nevada statute does not exist or that we construe, and this is an assumption. You don't have to concede that this is the proper construction. Assume that we construe the Nevada statute allowing the posting of a $1,000 bond to apply only in Nevada county court. That is to say, it simply does not apply in federal court. Could you come into federal court and seek an injunction under any rule, that is to say, would Rule 65 in that circumstance apply, or would you be out of luck if you sought to enjoin it? Well, I think in that situation, if we didn't have NRS 533450, we would have to proceed under Rule 65. So let me make sure I understand the consequence of that answer then. In the absence of controlling Nevada law, you then concede that Rule 65 would govern and would allow, according to its terms, an injunction against the operation of the engineer's decree. But in the absence of Nevada law. The Federal District Court has that authority and has that power. Okay. So the real question then is, does Nevada law apply by its own terms, or does it apply under the, according to law provisions? I mean, I assume you would agree that if somebody were to start building a structure there in order to catch the water, that there might be a Rule 65 problem, or somebody was. Right. But because of the unique circumstances of water law, you know, we have a very different situation. I got it. And I do want to point out a couple of very quick things. One is that there is no direct conflict, we believe, between the State provision under State law and any rule of the Nevada Civil Procedure, or excuse me, the Federal Civil Rules of Procedure, because there is no prohibition. There's no prohibition in the Federal rules for the issuance of a stay under these circumstances. And as is pointed out in the past. If the statute provided that in any action to review a determination by the State engineer, no filing fee shall be charged, and you went to Federal court, would you have to pay a filing fee? Well, that's a very good question, and I think the answer to that is you would have to file a filing fee. Just like in this case. Why? Well, because there is a separate rule for which there is no State complement. In other words, we're coming up from, if we come from a State administrative agency, there is no issue with regard to a filing fee. Plus, under Nevada rules, there's a filing fee. So, you know, you've got consistent provisions. But an interesting point that Your Honor raises is the parties, do the parties follow Nevada procedure when they come into Federal court? The answer is they do. We file within 30 days, even though the United States is a party. We wouldn't normally have to appeal under Federal rules until 60 days, but we file in 30 days because that's what the Nevada rules require. Excuse me, the Nevada revised statute requires. Has there ever been an adjudication that you're required to follow the Nevada rule for that? Well, it's in the Alpine decree. And Judge George has construed the two decrees to be consistent. So we follow the procedure going into Federal court. We serve the State engineers by certified mail. We do all the things under State law to perfect our appeal. And so it is a mixture, and it's hard for us to imagine in this situation, if we went in and had the burden to prove that we were entitled to an injunction under these circumstances, a temporary transfer like this, and we failed, we're out of court. We have no remedy. With that, I'd like to cede the rest of my time to Mr. Walsh. Thank you. May it please the Court. I'm Nevada Deputy Attorney General Michael Walsh, appearing today on behalf of the Nevada State Engineer Hugh Ritchie, who is in court today attending these proceedings. The question presented by this appeal is not whether the State provision of Nevada's water code is substantive or procedural, nor is the question whether a Federal rule of practice will apply over a State rule of practice in Federal court. The question here is whether a specific congressional directive or mandate will control over a general grant of rulemaking authority. In other words, does Congress's mandate, which has long been recognized by this court, that Nevada water law, both substance and procedure, will apply over the Ordish Decree, control over the general grant of authority to promulgate rules to the Supreme Court? Congress has specifically adopted State water law procedure and practice, and that is controlling in this case. And the district court did not err in applying NRS 533, 450, subparagraph 5. In the Alpine 2 decision, this court quoted the 1902 Reclamation Act, and I'd like to read that in part where it says, Nothing in this Act shall be construed as affecting, or intended to affect, or to in any way interfere with the laws of any State or territory relating to the control, appropriation, use, or distribution of water. And in Alpine 2, in response to that congressional mandate, this court said, Thus it was the 1902 Act that established that Nevada State law was governing, not this court's approval of the Alpine Decree in 1983. The underlying choice of law decision was made by Congress as part of the Reclamation Act. That was reaffirmed by the McCarran Amendment. Both Alpine 1 and Alpine 2 stated that because of the absence of transfer procedures and a clear general deference to State law, it impels the conclusion that Congress intended transfers to be subject to State water law. That was recognized in the Ordich decision. How far up does that go? Because I think I see your argument saying, well, listen, for purposes of implementing the Ordich Decree, for purposes of Federal adjudication challenging the decisions of the State engineer, Federal courts have to follow Nevada procedures. Correct. All Nevada procedures? No. Nevada water law procedures. And that's what this Court said in the Ordich decision. But that begs the question, at least so far as I'm concerned, all water law procedures, you mean all procedures applicable to water law cases? Yes. But a water law case in Nevada, in the Nevada State court, will get the procedures in Nevada State court. Now, why are you differentiating among procedures? Any water law case in a Nevada State court will get Nevada procedures. You're saying only Nevada statutes that specifically are addressed to water law cases? Yes. That is how this Court defined the manner provided by law in the Ordich decision. What they specifically said, not only State water law substance, therefore, but procedure as well govern the Ordich Decree. So the question then becomes, what is a water law procedure, and as you said, how far does it go? NRS 533.450, Chapter 533, deals only with procedures before the State engineer and water law. Section 450, which this Court has cited and followed and quoted, deals only with the procedures for challenging the decision of a State engineer. It has no broader application. You could not take NRS 533.450, Paragraph 5, and challenge some decision of another State administrative agency. It does not apply by its terms. It is limited to that. By its terms, it's also limited to the first level of review, to the district court. The second level of review is then governed by the rules of that court. Section 450 specifically states that. So the question then really, and I think you've hit on that, is whether the State provision is a water law procedure. Clearly it is. It applies only to a ruling of the State engineer by its terms in Section 450. It affects only his decisions and no others. It reflects unique policies that are completely unique to the water law circumstance. You could not pull this out of context and use it someplace else. As I mentioned, this Court has followed NRS 533.450. The burden and standard of proof, which has been cited numerous times in the Alpine and Oradich decisions, comes from NRS 450, Subparagraph 9. As Mr. Van Zant noted, the procedures under which these appeals have been perfected comes out of Subsection 2 of that section. In the Oradich decision in footnote 8, this Court refers to NRS 533.450, Subparagraph 1, which states that any person aggrieved by a decision of the State engineer may appeal. That's a somewhat broader standard, of course, than might otherwise be appealable, but that is the policy of Nevada water law. That's not the standard in other cases in Nevada, only those arising from a decision of a State engineer. This Court has repeatedly said that a decision of the State engineer is prima facie correct. That standard is found in NRS 533.450. There is no reason to take the State provision. One procedural matter within this larger statute, pluck it out and say that for some reason this does not apply in federal court, even though Congress has mandated that the other water law procedures that we have been following, that we've been citing to and that we've been following, do apply. There's no grounds for doing that, Your Honor. This is not a rule of civil procedure. Nevada has its own Rule 65 that it applies in other circumstances. This is a rule of Nevada water law. Nevada water law has not been borrowed. Congress directed that water law be applied in this instance, and clearly Congress has the authority, with its authority to manage and delegate the authority to the courts to establish their own rules. With that comes with it the power for Congress to establish specific rules, which it has done on numerous occasions, from everything from habeas corpus to interpleader, appeals from a federal agency. These are all specific congressional acts that control choice of law and procedures in the federal court. Congress did the exact same thing here. It already made the choice of law. State law would control, and there was a whole balancing process that went into it, a number of reasons why state law has been followed in a water law venue. And likewise, the procedures have already been selected. There is no real good analogy, as the Court asked earlier. This is a unique case, and unique procedures are involved. The manner provided by law is not neutral. This Court has defined that term and stated that it applies, in the Ordich decision, stated that it applied to federal rights as well as state rights. All right. You have used your time. If you want to draw to a close. Thank you very much, Your Honor. We agree with the tribe. I'd like that to be on the record. That doesn't occasionally happen. We agree with the tribe that this is a narrow issue here and that the larger issue of the application of state law to federal reserve rights has not been raised. All parties have said that. However, I would like to direct the Court's attention to the language of the Ordich decree, both with regard to the definition of the manner provided by law and its recognition that it applies to federal law rights issues. I think we understand. Thank you. Your time has expired. Unless there are any other questions, I have nothing further. Is there anybody with any further questions? Thank you. That's it. Thank you. Do either of you have any further questions of Mr. Palcicero or Ms. Barton? I would like, and I'm not sure it can be either one. I'm indifferent, and you can choose. I'd like you to respond to the argument I was just hearing that in other areas, the federal district, other parts of this Nevada statute have been applied, other parts of this Nevada procedural statute have been applied in the federal courts, and therefore, why separate out Paragraph 5 and not apply it? Could you respond to that argument? Yes, Your Honor. Robert Pelsiger. First of all, I'd like to say that this argument that was made by Mr. Walls was not made in his brief. There was no reference in his brief. I was just looking for it, and I couldn't find it. Yeah, to the Reclamation Act. Secondly, the provision that he cited applies, is in the Reclamation Act and applies, and this is very important, only to water rights of federal reclamation projects. It doesn't apply to the Oreditch Decree as a whole. It doesn't apply to the Pyramid Lake Tribes Reserve water rights. It doesn't apply to the private water rights that are not on federal reclamation projects, which are the preponderance of the water rights adjudicated in the Oreditch Decree. And third, it's never been applied to supersede the federal rules of civil procedure as applied in a civil suit in federal court. Under Rule 1 of the Federal Rules of Civil Procedure, the federal rules apply in all suits of the civil nature in federal district courts. And I'll have to go back and read some of the Alpine. I forget how many Roman numerals we've got. Yes. But are you denying his representation as to what's contained in those cases where he says the federal court is applying the Nevada procedural statute in federal court? Well, the whole Alpine line of cases, after the original decree, deals with the water rights of the federal reclamation project, the Newlands Federal Reclamation Project. And in that context, the federal court has applied state substantive law, primarily on the issue of what rules govern transfers and what rules govern forfeiture and abandonment. I understand that. But he's representing to me that the federal courts are also applying Nevada procedural law under this particular statute. To the best of my knowledge, Your Honor, there has never been an issue raised in any of those cases in which it was claimed that any rule of Nevada procedural law conflicts with the federal rules of civil procedure. That issue has never arisen in any of the Alpine cases. Okay. And I can go back and read the cases. But thank you. Thank you. Any further questions? Thank you, Counsel. The case just argued is submitted for decision. That concludes the court's round of this afternoon. The court is adjourned.
judges: Schroeder, Hawkins, W. Fletcher